[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE DEFENDANT'S FIRST SECURITY'S MOTION FOR SUMMARY JUDGMENT
On June 19, 1997, the plaintiff, Tammie Swaney, filed a sixteen count amended complaint against the defendants, Pfizer, Inc. (Pfizer); William Starr, an employee of Pfizer; and First Security Services Corporation (First Security), the plaintiff's employer. The plaintiff seeks damages for allegedly unwanted sexual advances made by Starr, who directly supervised the plaintiff while she was on Pfizer's premises in the course of her employment with First Security.
On June 30, 1997, First Security filed a motion for summary judgment on counts fifteen and sixteen of the plaintiff's amended complaint, which counts assert causes of action in negligence and negligent supervision, respectively, against First Security. First Security moves for summary judgment on the ground that "it is clear as a matter of law that, in accordance with General Statutes § 31-284 (a), the exclusivity provisions of the Workers' Compensation Act operate as a total bar to the action brought by the plaintiff. . . .," which ground was asserted as a CT Page 4323 special defense in First Security's amended answer to the plaintiff's complaint. Supporting and opposing memoranda of law have been filed by the parties.
Practice Book § 384, now Practice Book (1998 Rev.) § 17-49, provides that summary judgment "shall be rendered . . . if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law." General Statutes § 31-284 (a) states in pertinent part that "[a]n employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ." Subsection 16(B) (ii) of General Statutes § 31-275 directs that "personal injury" or "injury," as used in Chapter 568 (Workers' Compensation Act), "shall not be construed to include . . . [a] mental or emotional impairment, unless such impairment arises from a physical injuryor occupational disease. . . ." (Emphasis added.)
First Security argues that the type and character of personal injury for which the plaintiff seeks redress falls within the Workers' Compensation Act thus barring the plaintiff's action against First Security. The plaintiff argues that "[n]owhere in her complaint does she allege that the mental and emotional impairment she suffered arose from a physical injury or occupational disease. . . ."
In the plaintiff's affidavit attached to her memorandum in opposition to the defendant's motion for summary judgment, she states that she suffered "mental and emotional damages as a result of the actions/negligence of the Defendants . . ." and that she has not sought, nor does she intends to "seek compensation for these mental and emotional damages under the Workers' Compensation laws of the State of Connecticut."
As the defendant notes in its reply brief "a claim arising out of a mental or emotional impairment is not subject to the [Workers' Compensation Act's] exclusivity provision [if] it does not arise out of personal injury' as defined by the act. Accordingly, an employee may bring a common-law tort action against his employer for a mental or emotional impairment arising out of and in the course of employment that does not arise from physical injury or occupational disease."
"In deciding a motion for summary judgment, [the court] must CT Page 4324 view the evidence in the light most favorable to the nonmoving party[.]" Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995), citing Practice Book § 381, now Practice Book (1998 Rev.) § 17-46. In her complaint, the plaintiff does not allege that a physical injury caused her damages. Rather, her complaint and submissions make a claim for damages for the mental and physical manifestations of her emotional injuries, and not, as the defendant contends, for any physical injuries.
Accordingly, the defendant's motion for summary judgment on counts fifteen and sixteen is denied.
Martin, J.